UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60200

CIV-UNGARO-BENAGES

MAGISTRATE JUDGE BROWN

JUAN SANTOS, MICHAEL L. SANTOS, and DANIEL APONTE,

Plaintiffs,

v.

NATIONAL FENCE & RAILING CO. INC., a Florida corporation, and LEN KOVIC, and SANDRA E. KOVIC,

Defendants.
_______________________________/

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, JUAN SANTOS, MICHAEL L. SANTOS and DANIEL APONTE (hereinafter, the "Plaintiffs"), by and through their undersigned attorney, sue the Defendants, NATIONAL FENCE AND RAILING CO., INC. ("NATIONAL"), a Florida corporation, LEONARD KOVIC, and SANDRA E. KOVIC (collectively, the "Defendants"), and state as follows:

## INTRODUCTION

1. This is an action to recover monetary damages in the form of unpaid minimum wages and overtime wages, respectively, and to redress the deprivation of rights secured to Plaintiffs by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 28 U.S.C. §1343.

## VENUE

3. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

a. The unlawful employment practices alleged below occurred and/or were committed in Broward County, Florida, in the Southern District of Florida;

b. At all times material hereto, the corporate Defendant was and continues to be a corporation doing business within this judicial district; and

c. Defendants employed Plaintiffs in the Southern District of Florida.

## PARTIES

4. At all times material hereto, Plaintiffs were and continue to be residents of Broward County, Florida, in the Southern District of Florida, and were "employees" of the respective Defendants within the meaning of the FLSA.

5. NATIONAL was, and continues to be, a Florida for-profit corporation engaged in the transaction of business in Pompano Beach, Florida with its principal place of business in that city.

6. At all times material hereto, Defendants were engaged in the business of installing fences on private commercial and residential properties.

7. At all times material hereto, NATIONAL conducted substantial and continuous business in the Southern District of Florida.

8. At all times material hereto, NATIONAL was the employer of the three (3) Plaintiffs.

9. At all times material hereto, NATIONAL was and continues to be an "employer" within the meaning of the FLSA.

10. At all times material hereto, NATIONAL was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, and was so covered by that statute.

11. At all time material hereto, Plaintiffs were "engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, Plaintiffs were individually covered under the FLSA due to the work duties actually performed by them.

13. At all times material hereto, Defendant, LEONARD KOVIC, was the corporate director, owner and operator of Defendant, NATIONAL, and was conducting business for that corporation in Broward County, Florida. He is a "person" within the meaning of the FLSA.

14. At all times material hereto, Defendant, SANDRA E. KOVIC, was a manager and corporate officer Defendant, NATIONAL, and was conducting business for that corporation in Broward County, Florida. She is a "person" within the meaning of the FLSA.

15. LEONARD KOVIC is involved in the day-to-day operations of NATIONAL and was directly responsible for supervising Plaintiffs and other employees. Therefore, he is personally liable.

16. SANDRA E. KOVIC is involved in the day-to-day operations of NATIONAL and was directly responsible for supervising Plaintiffs and other employees. Therefore, she is personally liable.

17. LEONARD KOVIC is an "employer" as defined by the FLSA.

18. SANDRA E. KOVIC is an "employer" as defined by the FLSA.

19. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

20. Plaintiff, JUAN SANTOS, was employed with the Defendants from or about October 21, 2004 through or about December 23, 2004.

21. Plaintiff, MICHAEL L. SANTOS, was employed with the Defendants from or about September, 2004 through or about December 23, 2004.

22. Plaintiff, DANIEL APONTE, was employed with the Defendants from or about September, 2004 through or about December 7, 2004.

23. While employed by Defendants, Plaintiffs worked as fence installers.

24. During Plaintiffs' employment, they were to be paid at the rate of approximately $10.00 per hour. Plaintiffs were paid solely on an hourly basis.

25. During Plaintiffs' course of employment with Defendants, they regularly worked in excess of forty (40) hours per week.

26. During Plaintiffs' course of employment with Defendants, each workday, the Defendants would automatically make deductions in Plaintiffs' wages for lunch/work breaks that were not taken by them.

27. During the employment of JUAN SANTOS and MICHAEL L. SANTOS, the Defendants refused to pay these two (2) Plaintiffs any of their regularly due hourly wages, respectively, for the last pay period worked for the Defendants.

28. Plaintiffs have retained Bober & Bober, P.A. to represent them in this action and is obligated to pay to said attorneys reasonable attorney's fees and costs.

## STATEMENT OF CLAIMS

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. §§206 (UNPAID MINIMUM WAGE)

29. Plaintiffs reallege Paragraphs 1 through 28 as if fully set forth herein.

30. 29 U.S.C. §206 requires that any non-exempt employee covered by the FLSA be paid their minimum wages of at least $5.15 per hour.

31. Defendants refused to pay Plaintiffs JUAN SANTOS and MICHAEL L. SANTOS any regular hourly wages whatsoever for their final paychecks covering their final pay period of their employment with Defendants.

32. MICHAEL L. SANTOS was entitled to be paid approximately $118.00 for his last pay period. however. Defendants refused to pay him.

33. JUAN SANTOS was entitled to be paid approximately $122.60 for his last pay period. however. Defendants refused to pay him.

34. The failure to pay JUAN SANTOS or MICHAEL L. SANTOS any regular hourly wages whatsoever for the hours they worked during their last pay period of their employment—on the regular and customary paydays—constitutes a violation of the FLSA because zero wages is below the statutory minimum wage of $5.15 per hour.

35. Defendants' violation of FLSA provisions concerning payment of minimum wages was willful.

36. Defendants knew and/or should showed reckless disregard for the provisions of the FLSA concerning the payment of minimum wages.

37. Plaintiffs JUAN SANTOS and MICHAEL L. SANTOS are entitled to recover liquidated damages in an amount equal to their actual damages, for Defendants' FLSA violation.

WHEREFORE, Plaintiffs JUAN SANTOS and MICHAEL L. SANTOS, respectfully request:

(a) judgment in their favor, respectively, for all unpaid wages due or payable;

(b) liquidated damages;

(c) attorney's fees and costs pursuant to 29 U.S.C. § 216;

(d) prejudgment interest;

(e) a declaration that the Defendants violated the minimum wage requirements of 29 U.S.C. § 206; and

(f) all other relief deemed just and proper.

**COUNT II**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. §206**

**(FAILURE TO PAY PROMPTLY)**

38. Plaintiffs repeat and reallege Paragraphs 1 through 28 as if fully set forth herein.

39. Defendants violated the FLSA's prompt payment requirement by failing to pay JUAN SANTOS and MICHAEL L. SANTOS promptly on Defendants' own regular, customary payday.

40. Defendants' violation of FLSA provisions concerning prompt, payment of regular hourly wages was willful.

41. Defendants showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

42. Plaintiffs, MICHAEL L. SANTOS and JUAN SANTOS, are entitled to recover liquidated damages in an amount equal to their actual damages, for Defendants' FLSA violation.

WHEREFORE, Plaintiffs MICHAEL L. SANTOS and JUAN SANTOS respectfully requests:

(a) judgment in their respective favor for all unpaid wages due or payable;

(b) liquidated damages;

(c) attorney's fees and costs pursuant to the FLSA;

(d) prejudgment interest; and

(e) a declaration that the Defendants, violated the prompt payment requirements of 29 U.S.C. § 206; and

(f) all other relief deemed just and proper.

**COUNT III**

**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

43. Plaintiffs repeat and reallege Paragraphs 1 through 28 as if fully set forth herein.

44. Due to the Plaintiffs' actual work responsibilities, duties and functions, as aforesaid, they were non-exempt employees under the Fair Labor Standards Act, *as amended, 29 U.S.C. § 201 et. seq.* They were, therefore, entitled to all the rights and privileges provided by the FLSA.

45. Plaintiffs' employment with Defendants, was to consist of a normal work week of forty (40) hours for which they—since their first day of employment—should have been compensated at the rate of approximately $15.00 per hour for all hours worked in excess of forty (40) in a seven-day work week.

46. During Plaintiff's employment with Defendants, in addition to the Plaintiffs' normal forty (40) hour work week, the Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half for all hours worked—because of the unlawful deductions by Defendants for lunch breaks not taken by Plaintiffs.

47. Plaintiffs were entitled to be paid at the rate of time and one-half for all their hours worked in excess of the maximum hours provided for in the FLSA.

48. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

49. Defendant failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

51. Due to the willful and unlawful acts of Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

52. Plaintiff are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs, respectfully requests that judgment be entered in their favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiffs overtime compensation in the amount calculated by the court;

c. Awarding Plaintiffs liquidated damages in the amount calculated by the court;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiffs prejudgment and postjudgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: February 7, 2005.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorney for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
(954) 922-2298 (phone)
(954) 922-5455 (fax)

By: ______________________
PETER BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248

(Rev 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

JUAN SANTOS, MICHAEL L. SANTOS, and DANIEL APONTE

05-60200

**DEFENDANTS**

NATIONAL FENCE & RAILING CO., INC., a Florida corporation, and LEONARD KOVIC, and SANDRA E. KOVIC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CIV-UNGARO-BENAGES

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Bober & Bober, P.A., 1930 Tyler Street, Hollywood, FL 33020, (954) 922-2298

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE BROWN

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:05CV 60200-UUB-Brown

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS - Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

Fair Labor Standards Act, 29 U.S.C. 201 et seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) (See instructions) IF ANY** JUDGE ______ DOCKET NUMBER ______

DATE: February 7, 2005

SIGNATURE OF ATTORNEY OF RECORD: [signature] Peter J. Bober

**FOR OFFICE USE ONLY**

RECEIPT # 533223 AMOUNT 250.00 APPLYING IFP ______ JUDGE ______